FILED
SUPERIOR COURT
OF GUAM

2022 FEB 25 PM 4: 20

CLERK OF COURT

BY:

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| DEPARTMENT OF CORRECTIONS,<br><br>                Petitioner,<br><br>vs.<br><br>THE GUAM CIVIL SERVICE COMMISSION,<br><br>                Respondent,<br><br>and<br><br>SAMUEL DONATO,<br><br>           Real Party in Interest. | SPECIAL PROCEEDINGS<br>CASE NO. SP0102-20<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter is before the Honorable Vernon P. Perez on Petitioner Department of Corrections' ("DOC") Verified Petition for Writ of Judicial Review. DOC is represented by Assistant Attorney General Donna E. Lawrence; Respondent Guam Civil Service Commission ("CSC") is represented by Attorney Eric D. Miller; and Real Party in Interest Samuel Donato ("Donato") is represented by Attorney Darleen E. Hiton. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

*DOC vs. CSC (Donato)*
Case No. SP0102-20
Decision and Order

Page **1** of **8**

# BACKGROUND

This matter involves judicial review of a CSC Decision and Order in Adverse Action Case No. 15-AA20D. The subject of the adverse action appeal was Donato's demotion from step "NL04-10", as DOC Correctional Facility Assistant Superintendent, to step "KL04-14", DOC Correction Officer Supervisor I.

On November 4, 2014, Donato was promoted to Correctional Facility Assistant Superintendent from Corrections Officer Supervisor 1. (Petition Ex. 2). Donato's promotion was effective September 21, 2014. (Petition ¶ 5; Ex. 2). Following Donato's promotion, DOC Officer Antone Aguon filed a written post-audit complaint with the CSC, challenging Donato's promotion along with the promotion of three (3) other DOC officers and requesting review under 4 G.C.A. § 4403(d). (Petition ¶ 6).

After a hearing on February 12, 2015, the CSC granted approval to proceed with the investigation. (Petition Ex. 1).

On May 7, 2015, the Commission's staff presented the results of their investigation to the Commission. *Id.* The Post-Audit Investigation Report found several improprieties in the in the promotional process by DOC administration. (Petition Ex. 2; Certification of Record, Ex. 2, Post-Audit Investigation Report at 11-14, Post Audit Case No. 15-PA01).

On May 8, 2015, DOC was given written notification of the Commission's intent to declare the personnel actions of four (4) officers null and void. DOC was directed to file a response by May 22, 2015, and a hearing was set for May 28, 2015 for oral argument. (Petition Ex. 1). DOC opposed the nullification of the promotions. (Petition ¶¶ 10-11).

On May 28, 2015, the Commission voted 6 to 1 to "null and void" Donato's promotion to Correction Facility Superintendent, and the promotion of three other DOC Employees. (Petition, Ex. 1). A written decision was issued in Post Audit Case No. 15-PA01 on July 30, 2015. (Petition ¶ 8; Ex. 1).

Donato did not seek judicial review of the CSC's post-audit decision nullifying his promotion. (Petition ¶ 12).

*DOC vs. CSC (Donato)*
Case No. SP0102-20
Decision and Order

DOC effectuated CSC's written decision by issuing a request for personnel action cancelling Donato's promotion on or about August 28, 2015, retroactive to September 21, 2014. *Id.* ¶ 9. A Notification of Personnel Action was issued by the Department of Administration on October 12, 2015. *Id. See also* Petition Ex. 2. The Notice set forth that "[t]his action cancels PA#A-81913 (promotion) in its entirety due to judgment, Civil Service Commission on Post Audit No. 15-PA-01." (Petition Ex. 2).

On October 23, 2015, Donato received a reduction in his pay upon receipt of his bi-weekly payroll check. (Petition Ex. 2).

On November 6, 2015, Donato filed an adverse action appeal with the CSC, claiming his reduction in pay was a demotion and that he had received no verbal or written notice, as well as no personnel action indicating a demotion. (Petition ¶ 13; Ex. 2). Donato subsequently filed a motion to dismiss and vacate the personnel action for violation of the 60-day rule. (Petition ¶ 13).

At this time, Kevin Susuico's case was pending in the courts. The parties agreed to continue the appeal before the CSC until the Susuico case was resolved. Donato retired from DOC in 2017 as Correction Officer Supervisor I, prior to the Susuico case being fully resolved. (Petition Ex. 2).

On July 30, 2019, the Supreme Court of Guam issued its opinion in *Port Auth. of Guam vs. Civil Serv. Comm'n (Susuico II)*, 2019 Guam 15.

DOC subsequently moved to dismiss Donato's appeal for lack of subject matter jurisdiction in December 2019. (Petition ¶ 14).

On January 28, 2020, at the calendared Motion Hearing, the CSC had two pending motions before it: (1) DOC's Motion to Dismiss Employee's Appeal and Action for Lack of Subject Matter Jurisdiction and Mootness ("DOC Motion to Dismiss") and (2) Donato's Motion to Dismiss and Vacate Management's October 12, 2015 Personnel Action ("Donato Motion to Dismiss and Vacate").

The CSC first addressed DOC's Motion to Dismiss. The Commissioners voted 2-2 on DOC's Motion to Dismiss. (Petition ¶ 22). Chairman Calvo announced that Donato prevailed

*DOC vs. CSC (Donato)*
Case No. SP0102-20
Decision and Order

Page 3 of 8

after the Commission's 2-2 vote. *Id.* at ¶ 25. No further argument or discussion took place on Donato's Motion to Dismiss and Vacate. *Id.* at ¶¶ 24; 28.

The CSC subsequently issued a written Decision and Judgment on June 23, 2020. *Id.* at ¶ 36; Ex. 3.

DOC now moves the Court to set aside, vacate, or reverse the decision and judgment of June 23, 2020.

On June 23, 2021, DOC submitted for the Court's review the Certification of the Record from the Civil Service Commission in Adverse Action Case No. 15-AA20D.

The parties subsequently submitted briefing on the matter pursuant to the Court's Order After Hearing Re: Briefing filed June 25, 2021. On August 3, 2021, DOC filed its Opening Brief. On August 26, 2021, the CSC filed a Notice of No Position. On September 2, 2021, Donato filed his Opening Brief and Opposition to Management's Opening Brief. On September 10, 2021, Petitioner filed its Reply Brief. The Court subsequently placed the matter under advisement without additional argument. *See* Order Placing Matter Under Advisement, Oct. 19, 2021.

## DISCUSSION

### I. Jurisdiction and Standard for Judicial Review

Judicial review in this matter is governed by 5 G.C.A. § 9240, which provides:

> Judicial review may be had of any agency decision by any party affected adversely by it. If the agency decision is not in accordance with law or not supported by substantial evidence, the court shall order the agency to take action according to law or the evidence.

*See also* 4 G.C.A. § 4403(d) ("[t]he [CSC's] decision shall be final but subject to judicial review."). Thus, in reviewing a petition for judicial review, the Court will not disturb an agency's factual findings if they are supported by substantial evidence and in accordance with Guam law. *See* 5 G.C.A. § 9240; *see also Guam Mem'l Hosp. Auth. v. Civil Serv. Comm'n (Chaco)*, 2015 Guam 18 ¶ 15.

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Chaco*, 2015 Guam 18 ¶ 15 (internal quotations

*DOC vs. CSC (Donato)*
Case No. SP0102-20
Decision and Order

Page 4 of 8

and citations omitted). This standard is extremely deferential; a reviewing court should uphold an agency's findings unless "the evidence presented would compel a reasonable factfinder to reach a contrary result." *Id.* at ¶ 16 (citations omitted). "If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgement for that of the agency." *Id.* (citations omitted). Whether the agency's decision was conducted in accordance with the law is reviewed *de novo*. *Guam Waterworks Auth. v. Civil Serv. Comm'n (Mesngon)*, 2014 Guam 35 ¶ 5.

## II. Whether the CSC had jurisdiction over Donato's appeal

The first issue before the Court is whether the CSC had jurisdiction over Donato's adverse action appeal. "The question of jurisdiction goes to an adjudicative body's very ability and authority to act. Accordingly, questions of subject matter jurisdiction should always be considered when fairly in doubt." *Port Auth. of Guam v. Civil Serv. Comm'n (Guevara)*, 2018 Guam 1 ¶ 19 (citation and quotation marks omitted). Under Guam law, the CSC has jurisdiction to hear appeals of adverse actions taken against classified employees and to investigate and set aside other personnel actions. 4 G.C.A. § 4403.

> A plain reading of 4 GCA § 4403 reflects that the CSC has the power, duty and responsibility to hear appeals from adverse actions taken to suspend, demote or dismiss an employee from the classified service pursuant to section 4403(b), while section 4403(d) gives the CSC the discretion to investigate and set aside other personnel actions.

*Port Auth. of Guam v. Civil Serv. Comm'n (Susuico I)*, 2015 Guam 14 ¶ 12 (citations omitted).

On January 28, 2020, the CSC heard arguments on DOC's Motion to Dismiss Employee's Appeal and Action for Lack of Subject Matter Jurisdiction and Mootness. The CSC voted 2-2 on DOC's Motion to Dismiss. Chairman Calvo then deemed the case closed, and the CSC did not hear arguments on Donato's Motion to Dismiss and Vacate the October 2015 personnel action. The CSC subsequently issued a written Decision and Judgment on June 23, 2020.

The Supreme Court of Guam has held that "where the CSC exercises its jurisdiction without articulating in its decision and reasoned basis for doing so, the exercise is inherently

*DOC vs. CSC (Donato)*
Case No. SP0102-20
Decision and Order

Page 5 of 8

arbitrary and capricious. Consequently, a judgment made pursuant to such an arbitrary exercise of power is reversable as an abuse of discretion." *Guevara*, 2018 Guam 1 ¶ 19 (internal quotation marks and citation omitted). The Supreme Court "admonished the CSC to include a reasoned analysis of its jurisdictional basis in the future so as to facilitate judicial review." *Guevara*, 2018 Guam 1 ¶ 19 (alteration and citation omitted). "[Q]uestions of jurisdiction must always be addressed, and resolution of jurisdictional questions should always be adequately explained in order to facilitate judicial review." *Guevara*, 2018 Guam 1 ¶ 19.

The Decision and Judgment issued by the CSC does not provide a reasoned analysis of its jurisdictional basis. Section I of the Decision and Judgment entitled "Jurisdiction," states as follows:

> The Commission has jurisdiction over this matter pursuant to the Organic Act of Guam, Title 4 of the Guam Code Annotated § 4401, *et seq.,*, and the Department of Corrections Personnel Rules and Regulations. The Commission's jurisdiction was specifically challenged by Management and is discussed further below. *Jurisdiction is outcome determinative of this case.*

(Petition Ex. 3 at 2) (emphasis added). The Decision and Judgment ultimately concludes that "based upon Management's failure to prove the Commission lacked jurisdiction in this case and Management's failure to show that it complied with the time limitations of 4 G.C.A. § 4406, the Commission votes to DENY Management's Motion to Dismiss. The Commission will follow its precedent and relevant rulings of the Guam Supreme Court." *Id.* at 7. The Decision and Judgment does not specifically reference the 2-2 vote where two commissioners voted that the CSC lacked jurisdiction to hear the appeal, nor is there any specific reference to 4 G.C.A. § 4403(b) or any jurisdictional findings supporting an adverse action or establishing Donato had a right to appeal to the Commission.

It is also not clear from the record that any official action by an affirmative vote of four (4) Commissioners took place, whereby the CSC found DOC demoted Donato and/or that DOC took adverse action against Donato in violation of 4 G.C.A. § 4406, as required by 4 G.C.A. § 4402. Pursuant to section 4402, "[t]he affirmative vote of four (4) members shall be required for any action of the Commission." Towards the conclusion of the January 28, 2020 hearing,

*DOC vs. CSC (Donato)*
Case No. SP0102-20
Decision and Order

Page 6 of 8

Commissioner Calvo made certain findings on DOC's Motion to Dismiss. (Transcript at 33-35, Jan. 28, 2020). The CSC then voted on DOC's Motion to Dismiss. *See* Transcript at 33: 17-19, Jan. 28, 2020 ("Again, the motion before us is the lack of subject matter jurisdiction and – filed by Management, so Management is the moving party in this case tonight."); Transcript at 35: 12, Jan. 28, 2020 ("Now we're going to take a vote"). Four Commissioners were present: two Commissioners voted in favor of DOC, and two Commissioners voted in favor of Donato. (Transcript at 35: 12-25, Jan. 28, 2020). The CSC did not vote on Donato's Motion to Dismiss and Vacate that day, even though it was announced by Chairman Calvo that both motions would be heard at the beginning of the meeting. *See* Transcript at 5: 4-11, Jan. 28, 2020. When counsel for DOC asked to argue the second motion (Donato's Motion to Dismiss and Vacate), Chairman Calvo stated "So the case is now closed." (Transcript at 36: 14-16, Jan. 28, 2020). Counsel for Donato also spoke in favor of hearing Donato's Motion to Dismiss and Vacate, even with an abbreviated time for argument. (Transcript at 37: 7-9, Jan. 28, 2020). Chairman Calvo responded, "Again, both counsel, this case is closed. Management failed, Employee prevailed." (Transcript at 37: 10-11, Jan. 28, 2020). Although Donato's Motion to Dismiss and Vacate was not voted on and discussed in open deliberation, the Decision and Judgment found that "more than 60 days passed before Management took adverse action against Donato and based on the above, Employee Donato's appeal and the instant motion to Dismiss and Vacate Management's October 12, 2015 personnel action is granted." (Petition Ex. 3 at 6-7). Accordingly, the Court finds that the Decision and Judgment is erroneous and must be vacated as it does not accurately reflect the record and any official action of the Commission on January 28, 2020.

//

//

//

//

//

//

*DOC vs. CSC (Donato)*
Case No. SP0102-20
Decision and Order

## CONCLUSION

For the foregoing reasons, the Court hereby VACATES the Decision and Judgment issued June 23, 2020, and REMANDS this matter back to the CSC for further hearing, including clarification as to the Commission's factual findings and conclusions by way of its official action taken on January 28, 2020.

**IT IS SO ORDERED** this 25th day of February, 2022.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

---

*DOC vs. CSC (Donato)*
Case No. SP0102-20
Decision and Order